44064. THURMOND v. PEOPLES AUTOMOBILE LOAN & FINANCE CORPORATION.

ARGUED NOVEMBER 6, 1968—DECIDED DECEMBER 2, 1968—
REHEARING DENIED DECEMBER 17, 1968.

*Hudson & Stula, Jim Hudson,* for appellant.

*Joseph J. Gaines, Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Emmet J. Bondurant,* for appellee.

DEEN, Judge. 1. Accord and satisfaction results where a former agreement is satisfied by a subsequent one *which has been itself executed. Code* § 20-1201. To be an accord and satisfaction, the state of facts relied on must contain some benefit or new consideration to the creditor. *Code* § 20-1204. The defendant's plea of accord and satisfaction here shows merely that the plaintiff foreclosed on some 25 cars contained in the inventory of Thurmond & Sons, Inc., as the property of that corporation, which it was entitled to do because of a default in the security agreement; that the Lincoln was not involved in the foreclosure proceedings; that these automobiles were levied on by the sheriff, sold, and the proceeds credited to the debt of Thurmond & Sons, Inc., to the plaintiff under the security agreement pledging inventory as collateral. Thurmond contended that the plaintiff's manager had orally promised to credit the proceeds to his individual indebtedness on the Lincoln and because of this fact the corporation had not contested the foreclosure of its inventory automobiles, but he failed to show any facts to authorize the conclusion that the corporation could have resisted foreclosure successfully or that he could as an individual have interposed any claim which would take precedence over the plaintiff's lien on the corporation inventory. This defense was not supported by evidence.

2. The defense of usury was eliminated, there being no enumeration of error on the demurrer ruling, and the alleged error on the overruling of a motion for mistrial is not passed upon since the case did not go to the jury.

The trial court properly directed a verdict in favor of the plaintiff.

*Judgment affirmed. Jordan, P. J., concurs. Pannell, J., concurs specially.*

PANNELL, Judge, concurring specially. I agree that the defense of accord and satisfaction was not supported by the evidence. I do not agree with this conclusion, however, on the basis set forth in the majority opinion that the defense of accord and satisfaction was not proven because the defendant "failed to show any facts to authorize the conclusion that the corporation could have resisted foreclosure successfully or that he could, as an individual, have interposed any claim which would take precedence over the plaintiff's lien on the corporation inventory." A bona fide dispute as to asserted rights is all that is necessary to support an accord and satisfaction of that dispute. It is not necessary that the party claiming the accord and satisfaction show that his asserted rights could have been successfully prosecuted to a conclusion.